UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**UFCW Local One Pension Fund, and its Trustees: John P.
Barrett, Robert Boehlert, Frank C. DeRiso, Eric Glathar,
Christine McMahon, and Raymond Wardynski;
and
UFCW Local One Health Care Fund and its Trustees: John
P. Barrett, I. Stephen Davis, Frank C. DeRiso, Eric Glathar,
Donald E. Eliason, Gregory P. Gorea, Christine McMahon,
Angelo Vellake, and Raymond Wardynski**

         **Plaintiffs,**
    vs.                **6:09-CV-484 (NAM/ATB)**

**LEVONIAN BROTHERS, INC.**

         **Defendant.**

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:         OF COUNSEL:

Getnick, Livingston Law Firm     Patrick G. Radel, Esq.
258 Genesee Street
Suite 401
Utica, NY 13502
Attorney for Plaintiffs

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

  This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* In their complaint (Dkt. No. 1), plaintiffs claim that defendant failed to make timely contributions to ERISA-covered employee benefit plans in accordance with the terms of a collective bargaining agreement. *See* 29 U.S.C. §§ 1132(g)(2); 1145.

  Defendant has not answered the complaint or otherwise appeared. Plaintiffs obtained a

Clerk's Entry of Default on June 5, 2009 (Dkt. No. 6). Plaintiffs now move (Dkt. No. 7) for default judgment against defendant. Fed. R. Civ. P. 55(b)(2).

Plaintiffs have established that defendant Levovian Brothers, Inc., as the business which signed the collective bargaining agreement, is liable for delinquent contributions, interest on the delinquent contributions, liquidated damages of 20% of the unpaid contributions, and reasonable attorneys' fees, and costs. With respect to the amount of damages, plaintiffs rely on the complaint, documentary evidence, the affidavit of Patrick G. Radel, Esq, and the affirmation of Alexandra A. Tsiros, Esq. In view of the affidavits and documentary evidence submitted by plaintiffs, a hearing to ascertain the damages in this case is unnecessary.

Plaintiffs UFCW Local One Pension Fund and its Trustees ("Pension Fund") have demonstrated their entitlement to damages in the sum of $24,013.31 in contributions and deductions, $2,786.74 in interest through July 28, 2009, and $4,802.66 in liquidated damages, totaling $31,602.71.

Further, plaintiffs UFCW Local One Health Care Fund and its Trustees ("Health Care Fund") have demonstrated their entitlement to damages in the sum of $86,675.90 in contributions and deductions, $8,516.08 in interest through July 28, 2009, and $17,335.18 in liquidated damages, totaling $112,527.16.

Plaintiffs are statutorily entitled to recover reasonable attorneys' fees and costs associated with their efforts to collect the delinquent contributions and deductions. 29 U.S.C. § 1132(g)(2)(D). Plaintiffs request attorneys' fees and costs in the amount of $2,885.25 as to the Pension Fund and $3,416.75 as to the Health Fund.

Plaintiffs request reimbursement of attorney hours at $325, $235, and $225 per hour and

paralegal hours at $140 per hour.  With respect to hourly fees, the Second Circuit has held that courts are to award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable, paying client in the relevant community.  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008).  Recent Northern District decisions have determined that the prevailing rate in the community for similar cases is $210 per hour for experienced attorneys, $150 per hour for associates with more than four years experience, $120 per hour for attorneys with less than four years of experience, and $80 per hour for paralegals.  *See Engineers Joint Welfare, Pension, Supp. Unemployment Ben. & Training Funds ex rel. Harrigan v. Catone Const. Co., Inc*. ("*Catone*"), 2009 WL 4730700, *6 (N.D.N.Y. Dec. 4, 2009); *Central N.Y. Laborers' Health & Welfare, Pension, Annuity & Training Funds v. Maxim Constr. Serv. Corp*. ("*Maxim*"), 2009 WL 2176191, *2 (N.D.N.Y. Jul. 21, 2009).  In considering other relevant factors, the Court notes that plaintiffs' attorney has years of experience with this type of litigation; that this case results in a significant recovery for plaintiffs; that, particularly in view of the nature of the case and defendant's default, the case does not present difficult or novel questions; that there is no indication that counsel's work on the case precluded or delayed work on other cases or that the case was otherwise "undesirable"; and that the time and labor contributed to the case is sufficiently compensated by an award based on the ordinary hourly rate.  *See generally Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989); *Arbor Hill*, 522 F.3d at 187, 190.  In light of these factors and the Court's own knowledge of the rates prevailing in the legal community, the Court finds that the rates in *Catone* and *Maxim* are the reasonable rates in the case at bar.  Plaintiffs have not submitted evidence warranting a

different result.

Accordingly, the award of attorneys' fees and costs for the Pension Fund is $357 (1.7 x $210) for Attorney Radel's time, plus $876 (7.3 x $120$^1$) for associates' time, plus $264 (3.3 x $80) for paralegals' services, plus $208.75 in costs, for a total of $1,705.75. The award of attorneys' fees and costs for the Health Care Fund is $357 (1.7 x $210) for Attorney Radel's services, plus $1,188 (9.9 x $120$^1$) for associates, plus $248 (3.1 x $80) for paralegals' services, plus $228.25 in costs, for a total of $2,021.25.

It is therefore,

ORDERED that plaintiffs' motion for default (Dkt. No. 7) is granted; and it is further

ORDERED that plaintiffs UFCW Local One Pension Fund and its Trustees are awarded default judgment against defendant in the sum of $24,013.31 in contributions and deductions, $2,786.74 in interest through July 28, 2009, $4,802.66 in liquidated damages, and $1,705.75 in attorneys fees and costs, totaling $33,308.46; and it is further

ORDERED that plaintiffs UFCW Local One Health Care Fund and its Trustees are awarded default judgment against defendant in the sum of $86,675.90 in contributions and deductions, $8,516.08 in interest through July 28, 2009, $17,335.18 in liquidated damages, and $2,021.25 in attorneys fees and costs, totaling $114,548.41; and it is further

ORDERED that the Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

Date: March 8, 2010
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

---

[1] Documentation submitted does not indicate the experience of attorneys Tsiros, Sanchez, and Goodman; therefore, the $120.00 rate is used for their services.

-4-